[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11357

Non-Argument Calendar

_____

RICHARD V. HARRISON,

Plaintiff-Appellant,

*versus*

MACY'S INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:17-cv-03257-TCB

_____

Before NEWSOM, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Richard Harrison, proceeding *pro se*,[1] appeals the district court's grant of summary judgment in favor of his former employer, Macy's Retail Holdings, Inc. ("Macy's"), in his civil action brought under 42 U.S.C. § 1981, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 ("ADEA"). No reversible error has been shown; we affirm.

## I.

This appeal is the second time this case has come before us; we summarize only those facts pertinent to this appeal. Harrison worked as a seasonal employee at a Macy's store in Douglasville, Georgia, during two separate periods. Harrison first worked as a seasonal sales associate between October 2015 and January 2016. After his seasonal employment ended, Harrison applied for various positions at Macy's but was not hired. In pertinent part, Harrison applied for a part-time seasonal position on 19 September 2016. Harrison was interviewed on 26 September but was not offered a

---

[1] We read liberally appellate briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We also construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

position.  Harrison also says he was passed over for a permanent position in the Men's Department in September 2016.

On 21 October 2016, Harrison was offered a "seasonal-flex" position for the 2016 holiday season.  Harrison worked in that position from 21 October 2016 to 20 January 2017.  After his second seasonal position ended, Harrison again applied for other positions at Macy's but was not hired.

In 2017, Harrison filed this civil action against Macy's. Briefly stated, Harrison alleged that Macy's failure to hire him on several occasions constituted unlawful discrimination on account of Harrison's race (black), sex (male), national origin (Jamaican),[2] and age (date of birth 8 November 1960).  Harrison also alleged that Macy's decision not to hire him was made in retaliation for Harrison's having filed an earlier Title VII lawsuit against his former employer, Belk.

In March 2018, the district court granted Macy's motion to compel arbitration and dismissed without prejudice Harrison's claims.  Harrison appealed that decision.  Following oral argument, we vacated the district court's order compelling arbitration and remanded the case to allow Harrison to litigate his claims before the district court.  *See Harrison v. Macy's Inc.*, 789 F. App'x 843, 845 (11th Cir. 2020) (unpublished).

---

[2] Harrison later dismissed voluntarily his claims based on national-origin discrimination and retaliation.

On remand, the district court ordered discovery and referred the case to a magistrate judge.  Following discovery, Macy's moved for summary judgment.

A magistrate judge issued a 64-page report and recommendation ("R&R").  The magistrate judge recommended that the district court grant Macy's motion for summary judgment.

Harrison objected to the R&R.  In a detailed order, the district court overruled Harrison's objections, adopted the R&R, and granted summary judgment in favor of Macy's.

## II.

### A.    *Case Management*

On appeal, Harrison first contends that the district court mismanaged the case and caused him material prejudice.  We review a party's claim that he was materially prejudiced by the district court's mismanagement of his case under an abuse-of-discretion standard.  *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).  Generally speaking, "district courts enjoy broad discretion in deciding how best to manage the cases before them." *See id*. at 1366.

The district court abused no discretion in managing Harrison's case.  Harrison first contends that the district court mismanaged the case by failing to assign the case immediately to a magistrate judge upon remand.  Harrison, however, has failed to present evidence showing that the delay in referring his case to a magistrate judge delayed impermissibly the proceedings or otherwise caused

material prejudice.  To the contrary, Harrison argues chiefly that discovery was delayed due to the COVID-19 pandemic: a reason unrelated to the timing of the magistrate-judge assignment.

Harrison also contends that the district court abused its discretion by ruling on a discovery dispute via email, instead of by formal written order.  We disagree.  The record demonstrates that the district court followed the procedures outlined in the district court's case-management instructions for resolving discovery disputes.  These instructions were provided to the parties at the beginning of litigation.  Harrison has not shown that the district court acted outside its "broad discretion" by establishing such procedures.  Nor has Harrison presented evidence showing how the district court's email ruling materially prejudiced him.

We also reject Harrison's argument that Chief Judge Thrash -- a judge not assigned to Harrison's case -- mismanaged the case by not adjudicating personally Harrison's motions for recusal of the assigned district court judge and for reconsideration of the emailed rulings.

### B.    Judicial Estoppel

Harrison next challenges the district court's determination that he was judicially estopped from raising claims about employment applications Harrison submitted while he was employed by Macy's.  The district court's judicial-estoppel ruling focused on assertions Harrison made to this Court during his first appeal in this case.

We review for abuse of discretion the district court's application of the judicial-estoppel doctrine. *See Smith v. Haynes & Haynes, P.C.*, 940 F.3d 635, 642 (11th Cir. 2019).

Judicial estoppel is an equitable doctrine intended to protect the integrity of the courts from "parties who seek to manipulate the judicial process by changing their legal positions to suit the exigencies of the moment." *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1176 (11th Cir. 2017) (*en banc*). The Supreme Court has identified a non-exhaustive list of factors that might inform a district court's decision to apply judicial estoppel: (1) whether "a party's later position [is] 'clearly inconsistent' with its earlier position"; (2) "whether the party succeeded in persuading a court to accept that party's earlier position"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *See New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).

We reject Harrison's contention that the district court failed to consider the appropriate factors in making a decision about judicial estoppel. Because the party invoking judicial estoppel in this case (Macy's) was also a party to the earlier proceeding in which Harrison took a purportedly inconsistent position (Harrison's first appeal in this case), the district court applied properly the factors outlined by the Supreme Court in *New Hampshire*. *Cf. Slater*, 871 F.3d at 1182 (distinguishing the circumstances involved in *New Hampshire* from cases in which the party seeking to invoke judicial estoppel was *not* a party to the prior proceeding).

During Harrison's first appeal, Harrison asserted clearly that his claims in this case arose solely from the denial of employment applications submitted when Harrison was *not* employed by Macy's. *See Harrison*, 789 F. App'x at 844. To the extent Harrison's complaint referenced requests Harrison made for permanent employment while he was working for Macy's as a seasonal employee, Harrison confirmed that those references "were included only as background information" and that he was asserting no claim for relief based on the denial of those requests. *See id.* Despite Harrison's explicit representations in this case to this Court on appeal, on remand Harrison sought to raise claims based on the denial of his requests for permanent employment made while he was a Macy's employee.

Applying the *New Hampshire* factors, the record supports the district court's determination that Harrison's current position -- seeking to pursue failure-to-hire claims arising from employment requests made during his employment -- is clearly inconsistent with the position Harrison took during his first appeal. The record demonstrates further that Harrison's prior position in this case was accepted by this Court. The district court also committed no clear error in determining that Harrison would gain an unfair advantage if allowed to proceed on his newly-asserted claims because Macy's -- in reliance on Harrison's earlier inconsistent position -- had not fully investigated those claims.

In sum, the district court abused no discretion in applying the judicial-estoppel doctrine to preclude Harrison from asserting

claims related to the denial of employment applications submitted during Harrison's employment with Macy's.

### C.    Evidentiary Rulings

Harrison next challenges two of the district court's evidentiary rulings.  First, Harrison argues that the district court erred by admitting into evidence "sham" declarations from three Macy's employees (Jan Saunders, Cynthia Davis-Bennett, and Michelle Cantor).  Second, Harrison challenges the district court's determination that investigation notes prepared by Kim Bass constituted inadmissible hearsay.

We review for abuse of discretion the district court's evidentiary rulings, including the exclusion of evidence at summary judgment.  *See Lebron v. Sec'y of the Fla. Dep't of Children & Families*, 772 F.3d 1352, 1359 (11th Cir. 2014).  "Evidence inadmissible at trial cannot be used to avoid summary judgment."  *Id*. at 1360.

### i. Sham Declarations

An affidavit may be excluded as a "sham" when the district court finds that the affidavit "contradicts previous deposition testimony and the party submitting the affidavit does not give any valid explanation for the contradiction."  *See Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010).  We have stressed that the "sham" affidavit rule is to be applied "sparingly": exclusion is appropriate only when there exists an "inherent inconsistency between an affidavit and a deposition."  *See id*. (citing *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1316 (11th Cir. 2007)).

22-11357                Opinion of the Court                9

The district court abused no discretion in declining to exclude the three complained-of declarations as "shams." First -- because Cantor was never deposed -- Harrison can show no inherent inconsistency between Cantor's declaration and her sworn testimony.

About the declarations of Saunders and Davis-Bennett, Harrison argues that the declarations failed to cite to record evidence and contained "self-serving and conclusionary statements." Harrison also contends that Saunders's and Davis-Bennett's deposition testimony raised "serious credibility issues." In essence, Harrison's arguments focus chiefly on the credibility and weight to be afforded the challenged declarations and deposition testimony. These kinds of credibility issues are insufficient to mandate exclusion. *Cf. Allen*, 495 F.3d at 1316-17 (noting that minor discrepancies between a declaration and deposition testimony do not require exclusion and, instead, raise credibility issues that should be tested through cross-examination and submitted to the jury).

Harrison has identified no inherent inconsistency between Saunders's and Davis-Bennett's declarations and their respective deposition testimony. The district court acted within its discretion by concluding that the challenged declarations were not "shams" subject to exclusion.

*ii. Hearsay*

Bass -- a member of Macy's associate relations department -- was assigned to investigate Harrison's internal complaints about unlawful discrimination. As part of her investigation, Bass took

notes summarizing her conversations with various employees. Harrison seeks to rely on statements contained within Bass's investigation notes -- statements indicating that some managers were "concerned" about Harrison's lawsuit against Belk and about Harrison's discussing his lawsuit with his Macy's co-workers -- as purported "direct evidence" of retaliatory animus.

The district court abused no discretion in determining that the statements within Bass's investigation notes constituted inadmissible hearsay. The statements are out-of-court statements, made by non-testifying declarants, and were being offered to prove the truth of the matter asserted: that managers were "concerned" about Harrison's Belk lawsuit. *See* Fed. R. Evid. 801(c) (defining hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted).

D.    *Summary Judgment*

On appeal, Harrison challenges only the district court's grant of summary judgment in favor of Macy's on Harrison's claims for unlawful retaliation under Title VII and under section 1981 related to Macy's failure to hire Harrison in September 2016 for a part-time seasonal position and a permanent position in the Men's Department.[3] Briefly stated, Harrison contends that Macy's

---

[3] Construed liberally, Harrison's appellate brief raises no substantive challenge to the district court's grant of summary judgment in favor of Macy's on Harrison's claims based on the denial of employment applications filed on 10 February, 25 March, and 31 March 2016, or the applications filed in May and June

refused to hire him in retaliation after learning about Harrison's lawsuit against Belk: a lawsuit in which Harrison asserted claims for unlawful race and sex discrimination in violation of Title VII and section 1981.

We review *de novo* the district court's grant of summary judgment. *See Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party." *Id*. at 836-37.

The district court cited to and applied correctly the pertinent summary-judgment standard. We reject Harrison's assertion that the magistrate judge and the district court "cherry-picked" the evidence or construed improperly the evidence in favor of Macy's.

Employers are barred from retaliating against an employee because of the employee's opposition to an employment practice made unlawful under Title VII or section 1981. *See* 42 U.S.C. § 2000e-3(a); *Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1257-58 (11th Cir. 2012). A plaintiff may prove a claim for unlawful retaliation using either direct or indirect evidence. Generally speaking,[4]

---

2017. Nor does Harrison challenge the district court's determination that Harrison abandoned his claims for unlawful discrimination arising out of Macy's failure to hire Harrison for the two positions in September 2016. Those claims are thus not properly before us on appeal.

[4] A plaintiff may also avoid summary judgment by presenting "a convincing mosaic of circumstantial evidence that would allow a jury to infer" unlawful

we examine retaliation claims that rely only on circumstantial evidence using the burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Johnson v. Miami-Dade Cty.*, 948 F.3d 1318, 1325 (11th Cir. 2020).

On appeal, Harrison contends that -- because he presented direct evidence of retaliatory animus -- the district court erred in applying the *McDonnell Douglas* framework to his claims. We disagree. Harrison presented no evidence that demonstrates unambiguously that Macy's failure to hire him was motivated by Harrison's lawsuit against Belk. *See Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 922 (11th Cir. 2018) (explaining that direct evidence of unlawful discrimination includes "only the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor" (quotation omitted)). Instead, each of the statements identified by Harrison as "direct evidence" are susceptible to more than one interpretation and would require an "inferential leap between fact and conclusion." *See Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 642 (11th Cir. 1998) (stressing that "statements that are open to more than one interpretation do not constitute direct evidence" of unlawful discrimination). Because Harrison has presented only circumstantial

retaliation. For background, see *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321 (11th Cir. 2011). Here, the magistrate judge concluded -- and Harrison does not challenge -- that Harrison abandoned any argument based on a convincing-mosaic theory.

evidence of unlawful retaliation, the district court applied properly the *McDonnell Douglas* framework in reviewing Harrison's claims.

Under the *McDonnell Douglas* framework, the plaintiff must first establish a *prima facie* case of retaliation, which creates a presumption of unlawful retaliation against the employee. *See Johnson*, 948 F.3d at 1325. The employer may then rebut that presumption by articulating legitimate, non-retaliatory reasons for the adverse employment acts. *See id.* The burden then shifts to the employee to produce evidence sufficient to create a genuine issue of material fact that the employer's articulated reasons are a pretext for unlawful retaliation. *See id.*

To establish a *prima facie* case for retaliation under Title VII or section 1981, a plaintiff must show that he engaged in statutorily protected activity and that he suffered a materially adverse employment act that was causally related to the protected activity. *See Chapter 7 Tr.*, 683 F.3d at 1258.

"To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *Shannon v. BellSouth Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002). Causation may be inferred when a close temporal proximity exists between the protected activity and the materially adverse act. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). "But mere temporal proximity, without more, must be 'very close.'" *Id.*

Harrison has not established a *prima facie* case of retaliation. Harrison has failed to produce evidence sufficient for a reasonable factfinder to infer a causal connection between Harrison's Belk lawsuit and the complained-of adverse employment acts. Nearly ten months elapsed between the time Macy's first learned of Harrison's lawsuit in December 2015 and Macy's failure to hire Harrison for the two positions in September 2016. The two events are too far removed in time to infer a causal connection based on temporal proximity. *See Thomas*, 506 F.3d at 1364 (noting that three to four months between the protected activity and the adverse employment act is not enough, by itself, to establish a causal connection).

Nor has Harrison presented evidence sufficient to demonstrate that Macy's proffered reasons for not hiring Harrison were a pretext for unlawful retaliation. Harrison has not rebutted head-on Macy's evidence that -- at the time Harrison interviewed for the part-time seasonal position on 26 September -- all open positions had already been filled. *See Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012) (explaining that to demonstrate pretext, a plaintiff "cannot recast the reason but must meet it head on and rebut it"). Nor has Harrison disputed that he, in fact, never applied for the permanent position in the Men's Department. Because Harrison has demonstrated no "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in Macy's proffered reasons, he has failed to satisfy his burden of demonstrating pretext. *See id*. at 1055-56.

22-11357              Opinion of the Court              15

We affirm the district court's grant of summary judgment in favor of Macy's.

AFFIRMED.